## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LIFESTYLE PUBLICATIONS, LLC,

       Plaintiff,

v.

RANDY HARDING,

       Defendant.

Case No. 19-2007-DDC-KGG

## MEMORANDUM AND ORDER

On September 9, 2019, the court entered default judgment against defendant Randy Harding. Doc. 16. More than a month later, defendant filed a pro se[1] "Motion to Set Aside Default and Default Judg[ ]ment under Federal Rule 60(b)" (Doc. 18). Plaintiff Lifestyle Publications, LLC has filed an Opposition (Doc. 19) and defendant has filed a Reply (Doc. 20). For reasons explained below, the court denies defendant's motion.

### I.      Background

Plaintiff filed this action on January 4, 2019. Plaintiff attempted service on defendant several times at his last known addresses in Newport Beach, California: his home address and his business address at Premier Business Centers.[2] Doc. 4 at 1. Finally, on January 25, 2019,

---

[1] Because defendant proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2] Defendant makes much of plaintiff's "mistaken" reference to "Regus Executive Suites," asserting that his offices were at Premier Business Centers. Doc. 20 at 2. The court concludes that the location where defendant was served is not meaningfully disputed for two reasons. *First*, both plaintiff and defendant's filing refer to the same address: 120 Newport Center Drive, Newport Beach, CA. Doc. 18 at 1; Doc. 19 at 4. *Second*, defendant also does not contest that he previously had a lease at 120 Newport Center Drive, or that plaintiff's process server spoke to a person at that location with whom defendant had a business relationship. *See* Doc. 18 at 9 (Kessler Affidavit explaining defendant was notified when

plaintiff's process server attempted service again at Premier Business Centers.  *Id.*  There, the receptionist contacted defendant, but purportedly was told he wasn't in the office and that the receptionist was not permitted to accept legal documents for him.  *Id.*  Plaintiff left the paperwork with the office manager and "completed service by mailing a true copy" of the summons and Complaint to defendant at that same address.  *Id.*

After defendant failed to answer or otherwise appear, plaintiff applied for a clerk's entry of default on March 29, 2019.  Doc. 8.  The application was granted on April 3, 2019.  Doc. 9. On August 2, 2019, plaintiff moved for default judgment (Doc. 14), which the court granted on September 9, 2019.  Doc. 16.

On October 17, 2019, defendant filed a "Motion to Set Aside Default and Default Judg[ ]ment under Federal Rule 60(b)."  Doc. 18.  According to defendant service of process never was completed because he "was never personally served nor substitute served."  *Id.* at 1. Plaintiff opposes this motion.  Doc. 19.  Plaintiff also filed an affidavit from its counsel—Ms. Gabrielson—and several exhibits to support its motion.  Doc. 19-1.  Defendant has filed a Reply. Doc. 20.

## II.     Legal Standard

Rule 60(b) is the right rule to invoke when one seeks to set aside a default judgment.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside . . .  a final default judgment under Rule 60(b)."). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted).  A losing party may not invoke Rule 60(b) to present new

---

plaintiff's process server asked for him on January 25, 2019).  The court concludes that plaintiff's reference to "Regus Executive Suites" was a clerical error and disregards the references to "Regus Executive Suits" in the parties' papers.

arguments that the party could have raised in earlier filings.  *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (discussing requirements of a Rule 60(b) motion).  And a party seeking relief from a judgment bears the burden to demonstrate each prerequisite for relief.  *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment").

Still, competing interests demand that the court consider Rule 60(b) motions carefully in the default judgment context.  The Tenth Circuit has explained that Rule 60 "seeks to strike a delicate balance between two countervailing impulses:  the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts."  *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (internal citations and quotations omitted).  The leading commentators define these interests this way:  "Despite the strength of the policies supporting the use of the default penalty, federal judges view default judgments with disfavor.  This is because they favor trials on the merits with full participation by the parties."  10A Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 2693 (4th ed. 2018); *cf. id.* ("Both the default entry and judgment play an important role in . . . [maintaining] . . . an orderly, efficient judicial system. They are significant weapons for enforcing compliance with the rules of procedure and facilitating the speedy determination of litigation.  The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary.").  These interests are particularly important when, as here, "substantial rights are involved [or] when large sums of money are claimed . . . ."  *Id.*

### III.   Discussion

Defendant seeks relief from both the entry of default and default judgment under Federal Rule of Civil Procedure 55.  Doc. 18 at 1.  He asserts he never was served with process "as listed

in Federal Rule 60(b)." *Id.* But defendant can't bring a motion under Rule 55 because "[o]nce a default *judgment* has been entered . . . the aggrieved party must proceed under Rule 60(b) to have the judgment set aside." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143,1147 n.1 (9th Cir. 2004) (citing Fed. R. Civ. P. 55(c)). So, the court construes defendant's motion as one seeking to set aside a default judgment under Rule 60(b).

Defendant asserts three arguments for relief from the default judgment against him: (1) the judgment is void under Rule 60(b)(4) because of invalid service of process, (2) mistake, unfair surprise, excusable neglect under Rule 60(b)(2), and (3) lack of notice under Rule 60(d)(2). The court addresses each argument in turn, below.

### 1. Rule 60(b)(4)

Defendant asserts that plaintiff never properly served him with process because neither he nor his business—Lifestyle Magazines West—occupied the office building where plaintiff attempted service. Defendant contends that Ms. Kessler, the office manager who accepted service, was not authorized to accept service on his behalf. And so, he argues, the court should set aside the default judgment. Doc. 18 at 2. The court construes defendant's request as a motion under Rule 60(b)(4) because he attacks plaintiff's service of process and, thus, the court's jurisdiction over this case.

Federal Rule of Civil Procedure 4(e) provides that a party may accomplish service on an individual by: (1) delivery to the individual personally, (2) delivery at the individual's dwelling or usual place of abode, (3) delivery on the individual's authorized agent, or (4) following state laws governing service of process. *See* Fed. R. Civ. P. 4(e). Plaintiff contends it served defendant using California's "substitute service" statute. *See* Cal. Civ. Proc. Code § 415.20(b). Under this statute, if service can't be made "with reasonable diligence," a defendant may be

served "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address" with a person "apparently in charge" who is at least 18 years old. *Id.* After delivery, plaintiff must mail a copy of the summons and complaint "to the person to be served at the place where [the papers] were left." *Id.* The comments to this subsection define "usual place of business" to include "a defendant's customary place of employment as well as his own business enterprise." *Id.* judicial council cmt.

Defendant attacks plaintiff's service of process under Cal. Civ. Proc. Code § 415.20(b) in two ways. First, he argues plaintiff failed to use "reasonable diligence" when it tried to serve him under Rule 4. And thus, defendant contends, plaintiff was not entitled to use substitute service. Second, defendant presents several reasons why his "regular place of business" was not located at Premier Business Centers. The court considers each argument separately, below.

### a. Did plaintiff use "reasonable diligence" to serve defendant?

Defendant asserts that plaintiff failed to exercise reasonable diligence when attempting personal service because it tried to serve him at his home just twice. And, because plaintiff didn't exercise reasonable diligence, it could not effect valid substitute service under Cal. Civ. Proc. Code. § 415.20(b). The record belies defendant's claim.

The record of service attempts shows plaintiff attempted service four times before substituting service. Doc. 4 at 1. Plaintiff attempted personal service at defendant's home address on January 12 and 20, 2019. *Id.* And plaintiff tried two more times to serve defendant at 120 Newport Center Drive on January 16 and 24, 2019. *Id.* California courts have held that "two or three attempts at personal service at a proper place should fully satisfy" the reasonable diligence requirement. *Espindola v. Nunez*, 245 Cal. Rptr. 596, 598 (Cal. Ct. App. 1988) (citation and internal quotation marks omitted). And substitute service is designed to "'permit

service to be completed upon a good faith attempt at physical service . . . .'" *Bein v. Brechtel-Jochim Grp., Inc.*, 8 Cal. Rptr. 2d 351, 354 (Cal. Ct. App. 1992) (quoting *Khourie, Crew & Jaeger v. Sabek, Inc.*, 269 Cal. Rptr. 687, 689 (1990)).  Plaintiffs attempted personal service four times at two addresses before substituting service.  The court concludes plaintiff exercised reasonable diligence and was entitled to use substitute service under Cal. Civ. Proc. Code § 415.20(b).  The court next turns to whether plaintiff served defendant at his "usual place of business."

### b.  Did plaintiff serve defendant at his "usual place of business"?

Defendant asserts plaintiff's substitute service was ineffective because his usual place of business is at his home and he doesn't manage other businesses at Premier Business Centers, located at 120 Newport Center Drive.  Plaintiff contests defendant's arguments and rebuts his contention with an affidavit and two exhibits.  The court considers defendant's arguments, below.

Defendant provides a blanket assertion that since 2017, his "usual place of business is his home . . . ."  Doc. 20 at 2.  He contends that "Lifestyle Magazines West (the company [he] was managing) was no longer a tenant or receiving mail/package service at 120 Newport Center Drive . . . ."  Doc. 18 at 1.  Plaintiff asserts that "Lifestyle Magazines West" was not sued, and so its address is "irrelevant."  Doc. 19 at 5.  And, plaintiff contends, defendant operated a business called The 5 P's Marketing, LLC out of 120 Newport Center Drive, and listed that address on both an annual corporation filing and a trademark application for KUDOS Newport Beach, a magazine title.  Doc. 19 at 5–6; Doc. 19-1 at 1–8.  Defendant responds with the argument that, contrary to plaintiff's affidavit (and exhibits), he "does not manage, own, or operate" The 5 P's Marketing or KUDOS Newport Beach.  Doc. 20 at 2.  Defendant contends plaintiff "has

6

intentionally and in bad faith inve[n]ted a false narrative surrounding [his] usual place of business." *Id.* at 3.

The court concludes defendant has failed to meet his burden for two reasons. *First*, because plaintiff did not sue defendant's business, Lifestyle Magazines West, its lease status is not relevant to whether defendant properly was served. The statute merely requires service at defendant's "usual place of business." Cal. Civ. Proc. Code § 415.20(b).

*Second*, defendant provides no evidence supporting his assertion that his usual place of business is limited to his home. The 5 P's Marketing, LLC listed him as an officer as recently as October 25, 2018. *See* Doc. 19-1 at 5 (Nevada Corporation Report for The 5 P's Marketing, LLC). The 5 P's Marketing address is 120 Newport Center, Newport Beach, California—the same address where plaintiff substituted service on defendant less than three months later. *Id.* A trademark application filed by The 5 P's Marketing on October 27, 2018 lists the same address for the company. *See id.* at 7. Defendant has failed to convince the court that 120 Newport Center did not qualify as his "usual place of business." Cal. Civ. Proc. Code § 415.20(b).

As the party seeking relief from a judgment, defendant bears the burden to demonstrate each prerequisite for relief. *Van Skiver*, 952 F.2d at 1243–44; *see also S.E.C. v. Internet Sol. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) ("We join our sister circuits in holding that a defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur."). Defendant has failed to shoulder the burden imposed by this standard and so, the court rejects defendant's motion for relief under Rule 60(b)(4).

### 2. Rule 60(b)(1)

Defendant next asserts he is entitled to relief under Rule 60(b)(1) because he was surprised by the default judgment entered against him. Doc. 18 at 2. But defendant's motion does not support this assertion.

Relief for "mistake, inadvertence, surprise, or excusable neglect" is appropriate in "'situations in which failure to comply with a . . . deadline is attributable to negligence.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S 380, 394 (1993)). Similarly, the court may set aside a judgment because of surprise if a defendant did not know about the lawsuit's filing until after entry of default judgment. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 (3d ed. 1998) ("Judgments have been set aside . . . when a party had no actual knowledge of the service of process on him."); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (noting that "the lack of actual notice of a lawsuit is a sufficient reason for the district court to set aside a judgment under Rule 60" where a defendant "was unaware that a lawsuit had been filed under after the default judgment had been entered").

Plaintiff filed this lawsuit on January 4, 2019. Doc. 1. Notwithstanding any purported defects in service, defendant acknowledges that he received actual notice of this lawsuit on January 25, 2019. *See* Doc. 18 at 2 (acknowledging plaintiff left "[s]ervice document" with Alina Kessler on January 25, 2019), 9 (Kessler Aff. (explaining that on January 25, 2019, a receptionist called defendant to tell him he was being served and that defendant "confirmed that she was not authorized to accept anything")). Indeed, defendant premises his argument on a technicality and ignores that he received actual notice of service as it was completed.

Defendant's supporting affidavit from Ms. Kessler does him no favors.  The affidavit is dated May 8, 2019, almost three months before plaintiff moved for default judgment in this case. *Compare* Doc. 18 at 9 (Kessler Aff.) *with* Doc. 14 (Mot. for Default J.).  Defendant does not explain why he waited until after the court entered default judgment against him to challenge the validity of plaintiff's efforts to serve him, despite his actual knowledge of the lawsuit. Defendant thus fails to meet his burden to show he is entitled to relief under Rule 60(b)(1) because of surprise.  *See Van Skiver*, 952 F.2d at 1243–44 (noting that "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances" and a defendant "shows exceptional circumstances by satisfying one or more of Rule 60(b)'s . . . grounds for relief from judgment").  The court denies defendant's request for relief on this ground.

### 3.  Rule 60(d)(2)

Finally, defendant seeks relief under Rule 60(d)(2).  Defendant believes this rule allows the court "to grant relief under 28 U.S.C. [§] 1655 to a defendant who was not personally notified of the action."  Doc. 18 at 2 (quoting Fed. R. Civ. P. 60(d)(2)).  But defendant's reliance on this provision is misplaced.

Title 28 U.S.C. § 1655 governs enforcement of a lien upon, a claim to, or removal of an encumbrance on real or personal property within the district.  The statute does not apply to this case.  *See Morrison Flying Serv. v. Deming Nat'l Bank*, 404 F.2d 856, 862 (10th Cir. 1968) ("[S]ection 1655 is a venue provision allowing suits to be brought in rem to enforce a lien or claim on or remove any encumbrance or lien or cloud upon the title to real or personal property within the district where the suit is brought.").  This case does not involve a lien, claim, or encumbrance on any property in Kansas.  The court thus denies defendant's request for relief on this ground.

**IV.     Conclusion**

For these reasons the court denies defendant's Motion to Set Aside Default and Default

Judg[ ]ment under Federal Rule 60(b) (Doc. 18).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Set

Aside Default and Default Judg[ ]ment under Federal Rule 60(b) (Doc. 18) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**

10